Brian J. Lawler, CA SBN 221488
**PILOT LAW, P.C.**
4632 Mt. Gaywas Dr.
San Diego, CA 92117
Telephone: (866) 512-2465

blawler@pilotlawcorp.com

*Attorney for Plaintiff*
STEFAN STEPHENSON-MOE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEFAN STEPHENSON-MOE, an individual,<br><br>                    Plaintiff,<br><br>       v.<br><br>SPLUNK, INC., a Delaware Corporation,<br><br>                    Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**(1) VIOLATIONS OF 38 U.S.C. § 4301, *et seq*.**<br><br>**(2) VIOLATIONS OF CALIFORNIA MILITARY AND VETERANS CODE § 394**<br><br>**FILING FEE WAIVED PER 38 U.S.C. § 4323(h)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, STEFAN STEPHENSON-MOE, hereby complains against Defendant, SPLUNK INC., as follows:

# PARTIES AND JURISDICTION

1. This Complaint is brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301, *et. seq*. ("USERRA"), California Military and Veterans Code §§ 394-395 ("MVC"), and Federal and state common law.

2. Count I of this complaint arises under USERRA. The jurisdiction of this court is founded on federal question jurisdiction, 28 U.S.C. § 1331, as conferred by 38 U.S.C. § 4323(b)(3).

3. Count II of this complaint arises under California MVC § 394. The jurisdiction of this court as to this Count is conferred by 28 U.S.C. §1367(a).

4. Pursuant to 38 U.S.C. § 4323(h), "No fees or court costs may be charged or taxed against any person claiming rights under [USERRA]."

5. At all times herein mentioned, Plaintiff Stefan Stephenson-Moe ("Plaintiff") is a citizen of the United States and was a resident of the state of Florida. Plaintiff was employed by Defendant and was a member of the United States Army Reserve ("USAR") as a Captain.

6. At all relevant times, Plaintiff was a qualified employee and member of the uniformed services for purposes of 38 U.S.C. §§ 4303(3), (9), and (16).

7. Plaintiff is informed and believes that Defendant SPLUNK INC. ("Splunk") is incorporated under the laws of Delaware. Splunk's principal place of business is located at 270 Brannan Street, San Francisco, California 94107. Splunk's registered agent for service of process is listed by the California Secretary of State as Amanda Garcia located at 330 N. Brand Boulevard, Glendale, California 91203.

8. At all times relevant to the causes-of-action asserted herein, the Defendant has had continuing and systematic contacts with the State of California and is doing business in California, by among other things: maintaining its principal place of business in the state of California and advertising to consumers in the state of California.

9. Whenever and wherever reference is made to individuals who are not named as a defendant in this action, but were employees/agents of defendant, or any of them herein, Plaintiff is informed and believes that such individuals at all times acted on behalf of defendant named in this action within the scope of their respective employments and agencies.

## VENUE

10. At all times material to this incident, Defendant was registered with the California Secretary of State as a foreign entity doing business in the state of California and maintained its principal place of business in the City and County of San Francisco, within the state of California.

11. Venue in this case is proper in the Northern District of California by virtue of 28 U.S.C. §1391(a)(1)(2) and/or (3), and 38 U.S.C.§4323(c)(2). As a corporation, Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. §1391(c). Defendant maintains its principal place of business within the Northern District of California. As such, Defendant is deemed to reside in the Northern District of California and is subject to personal jurisdiction.

## FACTUAL BACKGROUND

12. Plaintiff hereby alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 11 as if copied herein.

13. Plaintiff has been a member of the USAR since September 2020, with a current rank of Captain (O-3).

14. Plaintiff was hired by Defendant as a remote senior sales engineer on December 6, 2021.

15. Plaintiff notified Defendant of his military service obligations when he was hired.

16. On August 15, 2022, Ms. Kathy Talman replaced Plaintiff's previous manager, Mr. Michael Crosland.

17. On August 16, 2022, Plaintiff received orders to report to a cybercom conference. Plaintiff was required to report to Fort George G. Meade in Maryland on August 17, 2022, for a four (4) day duty period.

18. Plaintiff immediately notified his new supervisor, Ms. Talman of his orders.

19. When Plaintiff returned to work on August 22, 2022, Ms. Talman scheduled a one-on-one Zoom meeting with him.

20. Plaintiff joined the meeting and was greeted by Ms. Talman and a representative from Defendant's human resources ("HR") department, Ms. Rachel Walter.

21. Ms. Talman informed Plaintiff that he was being terminated due to "poor performance."

22. When Plaintiff asked Ms. Talman to provide him with specific instances of his "poor performance," Ms. Talman refused to provide any instances.

23. Plaintiff had no written reprimands, verbal reprimands and/or disciplinary actions taken against him during the period he served as a senior sales engineer.

24. Plaintiff was immediately terminated on August 22, 2022.

25. Plaintiff worked a total of two (2) days with his new supervisor, Ms. Talman.

26. Plaintiff was unlawfully terminated on his first day back from active duty training and only his third day working with Ms. Talman.

27. Plaintiff's previous supervisor with Defendant, Mr. Crosland, wrote Plaintiff a recommendation letter that highlighted Plaintiff's skills and contributions to Defendant.

28. Plaintiff's salary with Defendant was $180,000 per year. Defendant also provided a sales incentive compensation package that provided up to $240,012 in additional income. Further, Defendant provided an award of restricted stock units, valued at $65,000.

29. Plaintiff found comparable work on November 29, 2022. Plaintiff currently makes $180,000 per year. However, his current employer does not provide opportunities for bonuses or stock options.

## FIRST CAUSE OF ACTION

## Violations of 38 U.S.C. § 4301, *et seq.*

30. Plaintiff hereby alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 29 as if copied herein.

31. USERRA prohibits "discrimination against persons because of their service in the uniformed services." 38 U.S.C. § 4301(a)(3).

32. Plaintiff's protected status as a USAR member was a substantial or motivating factor in Defendant's denying Plaintiff benefits of employment without good cause, including but not limited to, terminating Plaintiff based on his military service obligations.

33. Section 4311 of USERRA provides, in relevant part, that a person "who is a member of, . . . performs, has performed, . . . or has an obligation to perform service in a uniformed service shall not be denied . . . reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, . . . performance of service, or obligation."

34. Section 4311(c) further provides, in relevant part, that "[a]n employer shall be considered to have engaged in actions prohibited . . . if the person's membership . . . or obligation for service in the uniformed services is a motivating factor in the employer's action."

35. Defendants knowingly and willfully violated USERRA by, among other ways, discriminating against Plaintiff, and by terminating his employment "on the basis of" his "obligation to perform service in a uniformed service."

36. As a direct and proximate result of the conduct of defendant as set forth in this count, Plaintiff has suffered injuries and damages including but not limited to, loss

of past earnings and benefits, and loss of future earnings and benefits, all to his damage in an amount to be proven at trial.

37. Plaintiff alleges such violations of USERRA were willful and requests liquidated damages in an amount equal to the amount of his lost wages and other benefits pursuant to 38 U.S.C. § 4323(d)(1)(C).

38. Pursuant to 38 U.S.C. § 4323(h), Plaintiff further requests an award of reasonable attorney's fees, expert witness fees, and other litigation expenses.

## SECOND CAUSE OF ACTION

## Violations of California Military and Veterans Code §394

39. Plaintiff hereby alleges and incorporates all paragraphs 1-38 above by reference herein.

40. Plaintiff brings this claim under California state law with federal court jurisdiction being conferred by 28 U.S.C. §1367(a).

41. MVC §394 provides that no person shall discriminate against any member of the military or naval forces of the United States because of that membership. Section 394 also provides "no member of the military forces shall be prejudiced or injured by any… employer... or denied or disqualified for employment by virtue of membership or service in the military forces of this state or of the United States."

42. Defendant's motive for terminating Plaintiff was his participation in the USAR.

43. As a direct and proximate result of the conduct of Defendant, as set forth in this count, Plaintiff has suffered injuries and damages including but not limited to, loss of past and future earnings, loss of past and future benefits, all to his damage in an amount to be proved at trial.

44. As a further direct result of the conduct of Defendant, as set forth in this Count, Plaintiff suffered emotional distress including but not limited to, depression,

frustration, anger, loss of self-worth, and humiliation, all to this damage in an amount to be proven at trial.

45. Pursuant to MVC §394(g), Plaintiff requests an award of attorneys' fees against Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, based on the foregoing, Plaintiff, Stefan Stephenson-Moe, prays for relief against Defendant, Splunk, Inc., as follows:

1. Declare that the acts and practices complained of herein are unlawful and are in violation of USERRA, 38 U.S.C. § 4301, *et seq*., and MVC §394;

2. Compensatory damages including lost wages, lost employee benefits, and lost vacation and holiday benefits in an amount to be proven at trial;

3. Liquidated damages pursuant to 38 U.S.C. § 4323(d)(1)(C);

4. Fees and expenses, including attorneys' fees pursuant to 38 U.S.C. § 4323(h) and MVC §394(g);

5. Award Mr. Stephenson-Moe prejudgment interest on the amount of lost wages or employment benefits found due;

5. Grant an award for costs of suit incurred; and,

6. Grant such other and further relief as may be just and proper and which Mr. Stephenson-Moe may be entitled to under all applicable laws.

Respectfully Submitted,

Dated: May 4, 2023         PILOT LAW, P.C.

By: /s/ *Brian J. Lawler*
    BRIAN J. LAWLER
    Attorney for Plaintiff,
    STEFAN STEPHENSON-MOE

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues triable as of right by a jury in the above action.

Respectfully Submitted,

Dated: May 4, 2023         PILOT LAW, P.C.

By: _/s/ *Brian J. Lawler*_____
    BRIAN J. LAWLER
    Attorney for Plaintiff,
    STEFAN STEPHENSON-MOE